IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-CR-579 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| ERIC WILLIAMS JR., | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently before the Court is Defendant Eric Williams Jr.'s ("Defendant") Motion for Reduction in Sentence filed on November 22, 2024 ("Defendant's Motion").  (Doc. No. 51.)  On November 22, 2024, the Court appointed the Federal Public Defender to represent Defendant, but on December 6, 2024, Krysten E. Beech of the Federal Public Defender's Office filed a Notice of No Intent to Supplement "to inform the Court of her intent not to supplement Eric Williams, Jr.'s motion to reduce his sentence with respect to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines."[1]  (Doc. No. 55.)  Although given the opportunity to do so, the Government did not file any response to Defendant's Motion.  It is now ripe for a decision.

Defendant sets forth the following arguments in support of his request for a sentence modification or compassionate release :  he was 23 years old when sentenced; he suffered childhood trauma that has had a negative impact on him; he has mental health issues, specifically ADHD, ADD, PTSD, Anxiety, Oppositional Defiant Disorder, Severe Depression, Bipolar Disorder and

---

[1] Defendant's Motion does not include any reference to Amendment 821, but instead merely cites to 18 U.S.C. § 3582(c)(1)(A) and includes a request for a "sentence modification."  Accordingly, and as Attorney Beech recognized in footnote 1 of her Notice, Defendant's Motion is one for Compassionate Release, as distinguished from one pursuant to Amendment 821, and this Court will address it as such.

Schizophrenia and Learning Disabilities; he acted under seriously reduced mental capacity, i.e., diminished capacity which rendered him unable to achieve the mental state required to commit the crime; his counsel was ineffective; he has been engaged in programming since incarcerated; and he has an excellent "home plan" if released.

In the First Step Act of 2018 Congress amended Section 3582(c)(1)(A) to allow defendants, as well as the BOP itself, to file motions for a sentence reduction. See Pub. L. No. 115-391, Tit. VI, § 603(b), 132 Stat. 5194, 5239. As modified, Section 3582(c)(1)(A) reads:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

18 U.S.C. § 3582(c)(1)(A).

Defendant has failed to demonstrate that he has exhausted his administrative remedies by requesting that the warden of Defendant's facility bring a motion on his behalf and Defendant's Motion can be denied on this basis alone. But even if Defendant had exhausted his administrative remedies, Defendant has not set forth any circumstances or a combination thereof, that constitute "extraordinary and compelling" reasons for compassionate release.

In Section 3582(c)(1)(A)(i), Congress enacted a narrow exception to the general rule that a federal court "may not modify a term of imprisonment once it has been imposed," permitting a court to reduce a term of imprisonment where it finds that "extraordinary and compelling reasons" warrant a reduction. Congress directed the Sentencing Commission to "describe what should be considered

extraordinary and compelling reasons." 28 U.S.C. § 944(i). U.S.S.G. § 1B1.13(b) defines or enumerates what circumstances constitute "extraordinary and compelling" reasons, and Defendant has not asserted or set forth any circumstance or combination thereof that qualify as "extraordinary and compelling" reasons as enumerated therein. Moreover, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d).

Because Defendant has failed to exhaust his administrative remedies, and because Defendant has not set forth circumstances that qualify as "extraordinary and compelling reasons" for compassionate release, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: January 13, 2025

  *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE